**Dean NELSON, Appellant,**

v.

**STORMOR, INC., a corporation; Fuqua Industries, Inc., a corporation; Chicago Hardware and Fixture Company, a corporation, Appellees.**

No. 82–1503.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1983.

Decided March 9, 1983.

Rehearing Denied March 31, 1983.

Ronald A. Riley, David L. Brown, Hansen, McClintock & Riley, Des Moines, Iowa, for appellees.

Swisher & Cohrt, Waterloo, Iowa, for appellant, Dean Nelson.

Before ROSS, FAGG, Circuit Judges, and BEAM,* District Judge.

PER CURIAM.

Dean Nelson appeals a jury verdict entered in favor of defendants Fuqua Industries, Inc. and its subdivision Stormor, Inc. and appeals the trial court's denial of his motion for new trial in this diversity, strict liability action. Defendants' argument that Nelson did not preserve error lacks merit; therefore, the issue properly before this court is whether the trial court erred in submitting an assumption of risk instruction to the jury. Finding error, we reverse.

At the time of his injury Nelson, an electrician, was performing routine maintenance on a Stormor Ezee-Dry Grain Conditioning System manufactured by the defendants. By necessity, this work was performed on an elevated, rectangular platform approximately seventeen feet above the ground which supported a fan and heat

unit used in drying the grain. The platform had a cable railing system composed of two wire cables, one above the other. The top cable was approximately three feet above the platform floor and the lower cable was approximately one and one-half feet above the platform floor. The cables were threaded through eyebolts attached to angle iron posts located at the corners of the platform. Nelson was working in front of the fan unit and believes he was in the process of getting up from a kneeling or sitting position when he heard a sound like a loose cable being pulled through a hole. He remembers realizing he was lying on the ground underneath the platform but has no further recollection of his fall from the platform. It was established at trial that one of the eyebolts on the lower cable broke and that the lower cable was found lying on the platform.

Under Iowa's law of strict liability Nelson had to prove that the grain bin system was defective and unreasonably dangerous. *See Aller v. Rodgers Machinery Mfg. Co.,* 268 N.W.2d 830, 834 (Iowa 1978). The court submitted to the jury three specifications of product defect. Instruction number four stated:

Specifically, plaintiff alleges that the burner platform of the grain bin system was defective and unreasonably dangerous in the following particulars:

1. The platform was designed without adequate work space for the purpose of performing repairs.

2. The platform lacked an adequate railing system.

3. The platform utilized, in connection with the railing system used, a faulty and inadequate eyebolt.

Over a limited objection by Nelson, the court also submitted an assumption of risk instruction to the jury. Instruction number thirteen, in relevant part, stated:

The law provides that one cannot recover for injuries sustained because of a

* The Honorable Clarence A. Beam, United States Judge for the District of Nebraska, sitting by designation.

product defect if he or she knew of the defective condition, was aware of the danger or risk involved, yet nevertheless voluntarily and unreasonably used the product.

The defendants claim that Mr. Nelson assumed the risk, if any defect existed, when he worked on the platform of the bin system. The burden of proof is on defendants to prove this defense by a preponderance of the evidence.

\* \* \* \* \* \*

If the defendants have proved by a preponderance of the evidence (1) that Mr. Nelson knew of the defective condition of the bin system and the danger connected with its use and (2) that he nevertheless voluntarily and unreasonably accepted this known risk, which was the proximate cause of his injury, then your verdict should be for defendants.

Neither party on appeal contends that the assumption of risk instruction misstated Iowa law. Rather, Nelson argues that the record does not support the submission of instruction thirteen because that instruction allowed the jury to consider whether Nelson assumed the risk of the defective eyebolt specified in instruction four and there is no evidence that Nelson had knowledge of the defective nature of the eyebolt. As the instruction correctly stated, Iowa law requires that the defendants prove that Nelson "knew of the defective condition." *See, e.g., Hughes v. Magic Chef, Inc.,* 288 N.W.2d 542, 544 (Iowa 1980) ("If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery.") (quoting Restatement Second of Torts § 402A, Comment n (1965)); *Berge v. Harris,* 170 N.W.2d 621, 623 (Iowa 1969) ("The doctrine of assumption of risk is based on the voluntary acceptance of the danger by plaintiff with full knowledge thereof \* \* \* "). As explained by Prosser,

"Knowledge of the risk is the watchword of assumption of risk." Under ordinary circumstances the plaintiff will not be taken to assume any risk of either activities or conditions of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself.

W. Prosser, *The Law of Torts* § 68 at 447 (4th ed. 1971) (footnotes omitted).

Whether or not there was evidence supporting the submission of assumption of risk regarding the other two specifications of defect, there was absolutely no evidence in the record that Nelson knew that the eyebolt was defective or was not of sufficient strength. The trial judge's own statement supports this conclusion: "certainly he didn't have any knowledge about the eyebolts." Therefore, the court erred in giving a general assumption of risk instruction that the jury was free to utilize in considering Nelson's specification of eyebolt defects. Nelson could not have assumed the risk of the defective condition of the eyebolt when he had no knowledge of the eyebolt defects. Reversed and remanded for a new trial.

Reversed.